UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISIAH WILSON, JR., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:14-CV-00245-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

On February 21, 2014, Isiah Wilson, Jr. filed a pro se complaint against the Acting Commissioner of Social Security ("Commissioner"), alleging:

> I was a taxi cab driver a lady ran a red light T boned my cab I file for disability in 1997.  I didn't have medical insurance I came to Washington got some insurance any way I got awarded back pay and social security said they don't have any paperwork or anything saiding I have money coming but my and the law has all paperwork SSI told me 5 deffent storys.  All of lies now the senitor Catwell office been helping me for the lase two months still no one can't tail me anything about anything.  All the time my health is getting worse and nobody seem to care!

Dkt. 4. The complaint alleged the Court had jurisdiction over the matter because "Social security is telling me lieds about my case (back pay)." *Id.*  In lieu of an answer, the Commissioner filed a motion to dismiss.  Dkt. 17.  Although the motion is brought under both

REPORT AND RECOMMENDATION - 1

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the thrust of the Commissioner's argument is that the complaint should dismissed under Rule 12(b)(6) for failure to state a claim for mandamus or other relief. Dkt. 17 at 2-6. Mr. Wilson has not responded to the Commissioner's motion. Having reviewed the motion and record, the Court recommends the Commissioner's motion be **GRANTED** and the complaint be **DISMISSED** without prejudice.

## BACKGROUND

The Commissioner avers that this is not a case in which the Social Security Administration ("SSA") entered a final decision denying Mr. Wilson's application for disability benefits. *See* Dkt. 17. Rather, the Commissioner alleges Mr. Wilson began to receive disability benefits in April 2009. *See* Dkt. 17 (Declaration of Jill Barry). On July 18, 2013, the SSA issued a favorable decision finding Mr. Wilson disabled and amending his disability onset date from April 2009 to March 18, 2005. The decision had a positive impact on Mr. Wilson's disability application: it created an entitlement to past due benefits. However because the July 2013 decision found Mr. Wilson was disabled due to severe mental impairments, the SSA initiated a capability determination to determine whether a representative payee was necessary before the SSA could issue payment for the back due benefits. On May 12, 2014, Mr. Wilson was interviewed at the Bellevue Social Security Field Office and found to be capable of managing his own funds. The SSA alleges that it is working with Mr. Wilson to determine the correct amount of his back payment, and that as long as he continues to cooperate with the SSA as the agency gathers information to process his back payments, the agency will be able to correctly process his back pay award. *Id.* at 2.

## DISCUSSION

The Commissioner argues the Court should dismiss the complaint under Rule 12(b)(6),

REPORT AND RECOMMENDATION - 2

for failure to state a claim upon which relief can be granted. A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Thus "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether to grant a Rule 12(b)(6) motion, the Court must accept as true all "well-pleaded factual allegations" in the complaint. *Iqbal*, 556 U.S. at 679. The Court, however, is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

      Here, Mr. Wilson's complaint is vague and difficult to decipher. The complaint appears to express dissatisfaction with the manner in which the SSA is processing Mr. Wilson's back due payments in that it alleges the SSA told him he had "money coming," told him five different stories about his "paperwork," and that though two months went by, no one at the SSA can tell him "anything about anything." Dkt. 4. However, the complaint presents no facts establishing that the SSA's handling of the matter is actionable, i.e., that assuming the truth of Mr. Wilson's allegations the SSA violated a regulation, policy, statute or other legal requirement. Even assuming there is a basis for Mr. Wilson to be dissatisfied with the manner in which the SSA is processing his back due payment, dissatisfaction, alone, is insufficient to state a claim upon which relief may be granted. *C.f., Vierra c. California Highway Patrol*, No. 09-305-KJM-GGH, 2011 WL 2971170 at * 11 (E.D. Cal. 2011) (unreported) (Plaintiff failed to set forth claim for relief against defendant carrying out worker's compensation investigation where plaintiff has only shown she was "unhappy" with investigator's manner and the subject matter of his

REPORT AND RECOMMENDATION - 3

questions).; *Ismail v. Wells Fargo Bank, N.A,,* No. 12-1653-MCE-CKD, 2013 WL 4516122 at *8 (E.D. Cal. 2013) *citing Lariviere v. Bank of N.Y. as Tr.*, No. 9–515–P–S, 2010 WL 2399583 at *4 (D.Me. 2010) ("Many people in this country are dissatisfied and upset by [the securitization] process, but it does not mean that the [plaintiffs] have stated legally cognizable claims against these defendants in their amended complaint."); *Glick v. Molloy*, No. 11-168-DWM-JCC, 2012 WL 1155207 at *6 (D. Mont. 2012) (unreported) (Litigant dissatisfied with delays attendant with rules governing amendment of a complaint fails to state a claim for relief.).

The Commissioner posits another possible interpretation of the complaint—that the complaint seeks mandamus relief. Dkt. 17 at 4. The Commissioner contends that even if the Court viewed the complaint as seeking issuance of a writ of mandamus compelling the SSA to pay Mr. Wilson's back due benefits, the matter should nonetheless be dismissed. *Id.* The Court agrees. Under 28 U.S.C. § 1361, federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The U.S. Supreme Court has not decided whether the jurisdictional restriction in § 405(h) prohibits federal courts from hearing mandamus cases in social security cases, and instead has evaluated mandamus separately, assuming that mandamus jurisdiction may be invoked in such cases. *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also Kildare v. Saenz*, 325 F.3d 1078, 1083-84 (9th Cir. 2003).

Mandamus jurisdiction is available only if "(1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare*, 325 F.3d at 1084 (quotation omitted). Mr. Wilson's complaint fails to meet these requirements. First, as discussed above, the complaint is anything but clear. Second, the SSA avers it is currently processing Mr.

REPORT AND RECOMMENDATION - 4

Wilson's back due award and there is nothing showing the SSA has violated a plainly proscribed nondiscretionary duty regarding the manner in which it is handling Mr. Wilson's back due payments.  And finally, the SSA avers it seeks to work with Mr. Wilson to process his back due award and to begin making payments to him; Mr. Wilson thus has an adequate remedy regarding his back due payments.   In short, the complaint fails to allege facts upon which a claim for mandamus relief may be granted.

## CONCLUSION

For reasons above, the Court recommends **GRANTING** the Commissioner's motion to dismiss and **DISMISSING** the case without prejudice.  The complaint fails to plead sufficient facts to state a claim for mandamus or other relief.  While Mr. Wilson may be dissatisfied with the SSA's handling of his back due payments, his dissatisfaction, alone, is insufficient grounds to establish mandamus or other relief.  While the matter should be dismissed, it should be dismissed without prejudice because the Court cannot foresee the future or whether at some point grounds for mandamus or other relief will arise.

This Report and Recommendation is not a final decision and Mr. Wilson should therefore not file an appeal with the Court of Appeals for the Ninth Circuit.  However, he may, if he wishes, file an objection to this Report and Recommendation.  Any objection must be filed and served by **July 7, 2014.**  If no objections are filed, the Clerk should note the matter for **July 11, 2014** as ready for the Court's consideration.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed five pages.  The failure to timely object may affect the right to appeal.

REPORT AND RECOMMENDATION - 5

1  The Clerk shall provide a copy of this Report and Recommendation to the parties and to
2  the Honorable Ricardo S. Martinez.

3  DATED this 20th day of June, 2014.

 _____
 BRIAN A. TSUCHIDA
 United States Magistrate Judge

REPORT AND RECOMMENDATION - 6